UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| ANTOINE STONE, | **ANSWER TO COMPLAINT** |
| Plaintiff, | |
| | 07 CV 9826 (JGK) |
| -against- | |
| LUIS ANGELES, EDWIN ESTRADA, JOAQUIN SEPULVEDA, PERRY VASQUEZ, and JANE DOES 1-2 and JOHN DOES 1-2, the names being fictitious and presently unknown, being employees of the New York City Police Department, | JURY TRIAL DEMANDED |
| Defendants. | |

------------------------------------------------------------------------ x

Defendants Luis Angeles, Edwin Estrada, Joaquin Sepulveda, and Perry Vasquez, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the first amended complaint, respectfully alleges, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the complaint, except Admit that plaintiff purports to proceed as stated therein.

2. Deny the allegations set forth in paragraph "2" of the complaint, except Admit that plaintiff purports to proceed as stated therein.

3. Deny the allegations set forth in paragraph "3" of the complaint, except Admit that plaintiff purports to proceed as stated therein.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that Luis Angeles is an employee of the New York City Police Department assigned to the 42nd Precinct in the Bronx, New York.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that Edwin Estrada is an employee of the New York City Police Department assigned to the 42nd Precinct in the Bronx, New York.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Joaquin Sepulveda is an employee of the New York City Police Department assigned to the 42nd Precinct in the Bronx, New York.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Perry Vasquez is an employee of the New York City Police Department.

10. The allegations set forth in paragraph "10" of the Complaint are legal conclusions, not averments of fact warranting a response.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that defendant Angeles asked plaintiff for identification.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that defendant Angeles issued plaintiff a summons for disorderly conduct.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that plaintiff threw the summons.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that defendant Sepulveda used pepper spray on plaintiff.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "22", inclusive of this answer, as is fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "25", inclusive of this answer, as is fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "28", inclusive of this answer, as is fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny that the plaintiffs are entitled to any of the relief demanded in paragraphs A-F, immediately following paragraph "32".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

34. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

35. Any injury alleged to have been sustained resulted, in whole or in part, from plaintiff's culpable or negligent conduct and was not the proximate result of any act of the defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

36. Plaintiff provoked any incident.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

37. Defendants Sepulveda, Vasquez, Estrada, and Angeles are entitled to qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

38. Plaintiff has not complied with conditions precedent to suit.

- 5 -

**WHEREFORE,** defendants Luis Angeles, Edwin Estrada, Joaquin Sepulveda, and Perry Vasquez respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York

February 4, 2008

                                                    MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants Luis Angeles,
Edwin Estrada, Joaquin Sepulveda, and
Perry Vasquez
100 Church Street
New York, New York 10007
(212) 788-0987

By:   /S/ Brian G. Maxey
BRIAN MAXEY (BM 0451)

To:      Matthew Flamm, Esq.
         Attorney for Plaintiff
         26 Court Street, Suite 600
         Brooklyn, NY  11242

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTOINE STONE,

                                  Plaintiff,

                -against-

LUIS ANGELES, EDWIN ESTRADA, JOAQUIN SEPULVEDA, PERRY VASQUEZ, and JANE DOES 1-2 and JOHN DOES 1-2, the names being fictitious and presently unknown, being employees of the New York City Police Department,

                                  Defendants.

---

**ANSWER**

---

***MICHAEL A. CARDOZO***

*Corporation Counsel of the City of New York*
   *Attorney for Defendant*
   *100 Church Street, 3-178*
   *New York, N.Y.  10007*

   *Of Counsel:  Brian G. Maxey*
   *Tel:  (212) 788-0987*
   *NYCLIS No.*

---

*Due and timely service is hereby admitted.*

*New York, N.Y.  ..................................., 2008 . . .*

*.....................................................................Esq.*

*Attorney for ............................................................*