UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ANTOINE STONE,

                    Plaintiff,

          - against -

LUIS ANGELES, EDWIN ESTRADA, JOAQUIN SEPULVEDA, PERRY VASQUEZ, JOSE VEGA, "JOHN" ALCANTARA, the first name being fictitious, and JANE DOE 1-2, the names being fictitious and presently unknown, all being employees of the New York City Police Department,

                    Defendants.
------------------------------------------------------------------------x

FIRST AMENDED COMPLAINT
07 CV 9826 (JGK)(DCF)

**Jury Trial Demanded**

      Antoine Stone, by his attorney, Matthew Flamm, alleges the following as his First Amended Complaint:

### Nature of the Action

      1.    This civil rights action arises from the April 17, 2005 unlawful assault on Antoine Stone by New York City Police Officers. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 as well as compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

### Jurisdiction and Venue

      2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).

      3.    Under 28 U.S.C. §1391(b), venue is proper in the Southern District of New York because the events complained of herein occurred in that judicial District.

### Parties

      4.    Plaintiff ANTOINE STONE is a citizen of the United States of America residing in the State and City of New York, County of the Bronx. At the

time of the events complained of herein, Mr. Stone was employed in the deli department of Pathmark Supermarket and was a student at Mercy College.. He lived at 945 East 174th Street with his wife, Michelle, and his two step daughters.

5.     Defendant LUIS ANGELES (Tax Registry Number 932260/Shield Number 14803) was at all times relevant a duly appointed and acting employee of the New York City Police Department assigned to the 42nd Precinct in the Bronx, New York.

6.     Defendant EDWIN ESTRADA (Tax Registry Number 933767/Shield Number 1389) was at all times relevant a duly appointed and acting employee of the New York City Police Department assigned to the 42nd Precinct in the Bronx, New York.

7.     Defendant JOAQUIN SEPULVEDA (Tax Registry Number 934168/Shield Number 13127) was at all times relevant a duly appointed and acting employee of the New York City Police Department assigned to the 42nd Precinct in the Bronx, New York.

8.     Defendant JOSE VEGA was at all times relevant a duly appointed and acting employee of the New York City Police Department assigned to the 42nd Precinct in the Bronx, New York.

9.     Defendant "JOHN" ALCANTARA was at all times relevant a duly appointed and acting employee of the New York City Police Department assigned to the 42nd Precinct in the Bronx, New York.

10.    Defendant PERRY VASQUEZ (Tax Registry Number 898698/Shield Number 3858) was, upon information and belief, at all times relevant a duly appointed and acting Sergeant employed by the New York City Police Department and assigned to the 42nd Police Precinct, Bronx, New York.  As such, he had, at the time of the events complained of, direct supervisory responsibility over the other defendants named herein.

11. Defendants JANE DOES 1-2 were at all times relevant duly appointed and acting employees of the New York City Police Department assigned to 42nd Precinct in the Bronx, New York.

12. At all times relevant, defendants ANGELES, ESTRADA, SEPULVEDA, VASQUEZ, VEGA, ALCANTARA and JANE DOES(collectively the defendants), were acting under color of state law.

Facts Underlying
Plaintiff's Claims for Relief

13. On April 17, 2005 at approximately 10:00 p.m., Antoine Stone was walking from his mother's nearby home to his home at 945 East 174th Street, Apartment 605 in the Bronx.

14. He was carrying food – baked chicken, macaroni and cheese, sweet yams, collard greens and the like – that his mother had prepared for him, his pregnant wife and his two step daughters.

15. As he came to the intersection of 174th Street and Vyse Avenue, he saw police officers, including the defendants, speaking with a group of youths.

16. Defendant Angeles approached Mr. Stone and demanded identification. When plaintiff questioned why, the defendant stated words to the effect "give me your fucking ID or you're going to jail." Mr. Stone complied.

17. Despite that plaintiff lived at 945 East 174th Street and that defendants had no reasonable basis to belief otherwise, defendant Angeles refused to allow Mr. Stone to enter his apartment building because his identification set out a previous address – his mother's – and did not list 945 East 174th Street.

18. Defendant Angeles issued Mr. Stone a summons for disorderly conduct, claiming that Mr. Stone had used abusive language.

19. Mr. Stone threw the summons to the ground and went to walk into his building.

20. The defendants, or some of them, rushed plaintiff, slammed him to the wall, and, among other things, sharply twisted Mr. Stone's arms and struck him in the back of the head. The food that plaintiff's mother had prepared for his family was knocked from plaintiff's hands to the ground and ruined. Defendant Sepulveda sprayed Mr. Stone with pepper spray after plaintiff was handcuffed.

21. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful attack upon Mr. Stone.

22. Mr. Stone suffered mental anguish, shock, fright, trauma and deprivation of his constitutional rights, among other injuries. He suffered humiliation and a loss of dignity in being publicly attacked and arrested by the defendants.

23. Mr. Stone suffered physical injury, including chemical conjunctivitis to his eyes caused by the pepper spray, a sprain or separation of his right acromio-clavicular joint, a possible right superior labral tear, neck pain radiating into his shoulders and irritated and tearing eyes. He missed school, was medically-relieved from his work for a time and underwent a course of physical therapy.

24. At all times relevant, and in using force on Mr. Stone, the individual defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

FIRST CLAIM FOR RELIEF
FOR VIOLATING PLAINTIFF'S RIGHT
TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

25. Plaintiff repeats the allegations of paragraphs 1-24 above as though fully stated here.

26. By the actions described above, the defendants, or some of them, deprived Antoine Stone of rights secured by the United States Constitution, including, but not limited to, to Mr. Stone's right to be secure in his person from unreasonable seizures.

27. As a consequence thereof, Antoine Stone has been injured.

### SECOND CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT OR END THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

28. Plaintiff repeats the allegations of paragraphs 1-24 as though fully stated herein.

29. The defendants, and each of them, failed to intervene to prevent or end the unlawful conduct to which Mr. Stone was subjected despite having a reasonable opportunity to do so.

30. As a consequence thereof, Antoine Stone has been injured.

### THIRD CLAIM FOR RELIEF FOR IMPROPER SUPERVISION BY DEFENDANT VASQUEZ

31. Plaintiff repeats the allegations of paragraphs 1-124 as though fully stated herein.

32. Defendant Vasquez held the rank of Sergeant and had direct supervisory responsibility for the conduct of the other defendants herein.

33. Defendant Vasquez participated in the incident and failed properly to supervise his subordinate or to otherwise take action to remedy the wrongs done to Mr. Stone.

34. As a consequence thereof, Antoine Stone has been injured.

### Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A) A Declaratory Judgment that plaintiff's right to be free from unreasonable and excessive force under the Fourth and

|      |                                                                                                      |
|------|------------------------------------------------------------------------------------------------------|
|      | Fourteenth Amendments of the United States Constitution was violated;                                |
| (B)  | Compensatory damages in an amount to be fixed at trial;                                              |
| (C)  | By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial; |
| (D)  | An award to plaintiff of the costs and disbursements herein;                                         |
| (E)  | An award of attorney's fees under 42 U.S.C. §1988; and                                               |
| (F)  | Such other and further relief as this Court may deem just and proper.                                |

Dated:   April 21, 2008
         Brooklyn, New York

_____
Matthew Flamm **MF1309**
 Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York 11242
(718) 797-3117